
FILED

DEC - 2 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

ANTHONY L. BRANCH,

      Petitioner,

v.                                          Case No. 2:10cv234

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

It is further ORDERED that the petition shall be deemed amended to substitute Harold W. Clarke, Director of the Virginia Department of Corrections, as sole respondent.[1] See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (following 28 U.S.C. § 2254).

---

[1] Harold W. Clarke replaced Gene M. Johnson as Director of the Virginia Department of Corrections on October 8, 2010.

# I. STATEMENT OF THE CASE

## A. Background

Petitioner, Anthony L. Branch ("Branch"), entered a conditional plea of guilty in the Powhatan County Circuit Court, Virginia, to one (1) count of grand larceny. On August 10, 2006, Branch was sentenced to twenty (20) years in prison with fifteen (15) years suspended.

On September 6, 2006, Branch filed a notice of appeal to the Court of Appeals of Virginia, raising the following issues:

A. Whether the trial judge violated Branch's statutory right to a hearing on a motion to suppress evidence not later than three days before trial, pursuant to Virginia Code § 19.2-266.2;

B. Whether Branch intelligently, knowingly, and voluntarily waived his right to a hearing on a motion to suppress evidence not later than three days before trial, pursuant to Virginia Code § 19.2-266.2;

C. Whether Branch's conditional guilty plea was intelligently, knowingly, and voluntarily made; and

D. Whether police seizure of the suspected stolen jet skis from Branch's driveway, before the police had located the hull identification numbers which had been concealed by the manufacturer, was a warrantless seizure without probable cause.

On February 1, 2007, a judge on the Court of Appeals of Virginia reviewed Branch's appeal pursuant to Virginia Code § 17.1-407(C) and denied it in its entirety. The court stated that because Branch's conditional guilty plea was conditioned on his ability to appeal a decision only with regard to the motion to suppress evidence, he could not appeal on grounds A or B. The

2

court noted that Branch did not raise claim C at the trial court, prohibiting the court from hearing the claim on appeal. Lastly, the court stated that Branch's argument on appeal with regard to claim D was not the same argument he pursued in the trial court, preventing the Court from considering the argument because Branch had waived it by failing to assert it at trial. On May 23, 2007, a three-judge panel of the Court of Appeals reviewed this determination and denied Branch's appeal with respect to the first three (3) issues, but granted the appeal on the search and seizure issue. On December 27, 2007, the court affirmed Branch's conviction. Branch did not appeal that decision to the Supreme Court of Virginia at the time.

On January 25, 2008, Branch filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. On March 26, 2008, Branch filed an amended petition, raising the following claims:

A. Branch was denied his appeal to the Supreme Court of Virginia from the Court of Appeals of Virginia due to ineffective assistance of counsel;

B. Appellate counsel failed to investigate the case properly and to identify all appealable issues;

C. Appellate counsel had a conflict of interest due to his previous relationship with trial counsel's law firm;

D. Appellate counsel failed to appear at the sentencing hearing on August 10, 2006;

E. The trial court denied Branch an indictment that complied with § 19.2-220 and Rule 3A:6 because it did not identify the stolen property as two jet skis;

F.  The trial court violated Branch's statutory right to a hearing on a motion to suppress evidence not later than three days before trial, pursuant to Virginia Code § 19.2-226.2;

G.  The trial court erred in not allowing Branch to substitute trial counsel;

H.  Branch was denied his right to have favorable witnesses present at trial;

I.  Trial counsel was not prepared for trial, did not investigate the case, did not communicate with Branch, and did not discuss the conditional guilty plea;

J.  Trial counsel had a conflict of interest because he wanted to withdraw from the case;

K.  Branch was not afforded a trial by an impartial jury;

L.  Trial counsel coerced Branch into pleading guilty; and

M.  Branch did not receive a fair trial.

On January 5, 2009, the Supreme Court of Virginia granted Branch a writ of habeas corpus limited to claim (A), finding that Branch was denied his right of appeal. The court declined to rule on the remaining claims in his petition at that time, granting Branch leave to seek a delayed appeal with respect to the remaining claims within thirty (30) days pursuant to Virginia Supreme Court Rule 5:14(a). The court also stated that Branch could raise the remaining claims in another habeas petition in the Supreme Court after his appeal. Branch filed a notice of appeal on June 17, 2009. The sole issue raised in his appeal was whether the Court of Appeals erred in holding that the suppression issue was procedurally barred. On January 28, 2010, after considering

4

Branch's delayed appeal on the merits, the Supreme Court refused the petition for appeal.

On May 19, 2010, while in the custody of the Virginia Department of Corrections at the Lunenburg Correctional Center, Branch filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Virginia. (ECF No. 1). On May 20, 2010, the Western District transferred the case to this Court.

On June 7, 2010, Respondent filed a Motion to Dismiss (ECF No. 6) and Rule 5 Answer (ECF No. 7), accompanied by a supporting brief (ECF No. 8), and a Roseboro Notice pursuant to Local Rule 7(K) (ECF No. 9). Branch did not file a response to Respondent's Motion to Dismiss.

### B. Grounds Alleged

In his petition, Branch makes substantially the following claims:

> a) Branch received ineffective assistance of counsel because his trial counsel was not prepared for trial and because his appellate counsel had brain surgery during preparation of Branch's appeal and was in recovery on the date of appeal, making him unable to adequately represent Branch;
>
> b) The trial court erred in refusing to remove Branch's trial counsel;
>
> c) The trial judge violated Branch's statutory right to a hearing on his motion to suppress evidence not later than three days before trial pursuant to Virginia Code § 19.2-266.2;
>
> d) Branch did not intelligently, knowingly, and

voluntarily waive his right to a hearing on his motion to suppress evidence not later than three days before trial pursuant to Virginia Code § 19.2-266.2;

e) Branch's conditional guilty plea was not intelligently, knowingly, and voluntarily made;

f) The police seizure of the suspected stolen jet skis was a warrantless seizure without probable cause; and

g) Branch's trial counsel had a conflict of interest because he was representing Branch while defending himself against Branch's disciplinary complaint to the Virginia State Bar.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court need not address the merits of Branch's habeas corpus petition because the Court FINDS that Branch's petition is a "mixed" petition, containing both exhausted and unexhausted claims, which requires that this Court dismiss the instant petition without prejudice in accordance with Rhines v. Weber, 544 U.S. 269 (2005) and Rose v. Lundy, 455 U.S. 509 (1982).

### A. Exhaustion Requirement

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b) and (c); Picard v. Conner, 404 U.S. 270, 275 (1971). This Court therefore cannot grant habeas relief unless the petitioner has exhausted the remedies available to him in the courts of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "Section 2254(c) requires only that state prisoners give

state courts a _fair_ opportunity to act on their claims." Id. at 844 (emphasis in original). A petitioner has to present the substance of each claim during state proceedings. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. If a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted. Id. at 844 (citing Brown v. Allen, 344 U.S. 443, 447 (1953)).

Moreover, if Branch's claims could not be exhausted in state court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Branch's petition includes both exhausted and unexhausted claims. Claims (a) and (g), both asserting ineffective assistance of counsel, have not been properly presented to the Supreme Court of Virginia either on direct appeal or in a habeas corpus petition.[2] Virginia law requires that claims of ineffective

_____

[2]Branch did present his ineffective assistance of counsel claims to the Supreme Court of Virginia in a habeas petition, but that court dismissed that petition without prejudice to Branch's ability to file another habeas petition in that court after he

assistance of counsel be pursued in habeas corpus proceedings, not on direct appeal. Lenz v. Commonwealth, 261 Va. 451, 460, 544 S.E.2d 299, 304 (2001). Virginia law states that "[a] habeas corpus petition attacking a criminal conviction ... shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2). Branch's direct appeal was refused by the Supreme Court of Virginia on January 28, 2010. Thus, Branch has until January 28, 2011 to file a habeas corpus petition addressing claims (a) and (g) in the Supreme Court of Virginia. Because Branch could not have presented these claims on direct appeal, claims (a) and (g) are not not procedurally defaulted. Thus, these claims are neither exhausted nor procedurally defaulted.

Claims (b) through (e) are procedurally defaulted because Branch failed to present them to the Supreme Court of Virginia on direct appeal. See Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974). The Supreme Court of the United States has held:

> In all cases in which a state prisoner has defaulted his
> federal claims in state court pursuant to an independent
> and adequate state procedural rule, federal habeas review
> of the claims is barred unless the prisoner can
> demonstrate cause for the default and actual prejudice as

---

sought a delayed appeal. As such, the substance of his claim has not been presented to the Supreme Court of Virginia.

a result of the alleged violation of federal law, or
demonstrate that failure to consider the claims will
result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). The Supreme Court
of Virginia held in Slayton that a prisoner may not bring claims in
a habeas petition that he failed to raise at trial or on direct
appeal. Slayton, 215 Va. at 30, 205 S.E.2d at 682. The Fourth
Circuit has expressly recognized "that the procedural default rule
set forth in Slayton constitutes an adequate and independent state
law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196 (4th
Cir. 1997). As such, Branch's claims (b) through (e) are barred
unless he can demonstrate cause and prejudice or that failure to
consider these claims will result in a fundamental miscarriage of
justice. Coleman, 501 U.S. at 750. Branch has neither alleged nor
established cause and prejudice or miscarriage of justice. Thus,
this Court cannot review claims (b) through (e).

Claim (f) appears to have been properly exhausted, having been
presented to the Supreme Court of Virginia on direct appeal. See
O'Sullivan, 526 U.S. at 845.

### B. Mixed Petitions

Because Branch's petition contains both exhausted and
unexhausted claims, it is a "mixed petition." In Rhines v. Weber,
544 U.S. 269 (2005), the Supreme Court of the United States
addressed how mixed petitions should be handled by district courts.
Rhines noted the interplay between the one-year statute of

limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(d)(1), and the requirement in Rose v. Lundy, 455 U.S. 509 (1982), that a mixed petition be dismissed in its entirety without prejudice to allow the petitioner to achieve "total exhaustion." Rhines, 544 U.S. at 274-75.

The Court recognized that petitioners who come to federal court with mixed petitions "run the risk of forever losing their opportunity for any federal review" of their claims if the district court dismisses the case without prejudice close to or after the limitation period has expired. Id. The Court noted that some district courts adopted a "stay and abeyance" procedure to deal with this problem, in which the district court would stay the petition and hold it in abeyance while the petitioner returned to state court with his unexhausted claims. Id. at 275-76. Rhines recognized, however, that this procedure frustrated AEDPA's twin purposes: encouraging finality of state court judgments and streamlining federal habeas proceedings by encouraging petitioners to exhaust all their claims in state court before filing a federal petition. Id. at 276-77.

For these reasons, the Court in Rhines ruled that stay and abeyance should be available only in limited circumstances and only within reasonable time limits established by the district court. Id. at 277. Stay and abeyance is only appropriate when: (1) "there was good cause for the petitioner's failure to exhaust his claims

first in state court"; (2) the claim is not "plainly meritless"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277-78. Nothing in Branch's pleadings suggests that there was good cause for his failure to exhaust his ineffective assistance of counsel claim in state habeas corpus proceedings. Accordingly, stay and abeyance is not appropriate in this case.

The Court in Rhines also held that "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278.

In this case, dismissal of the entire petition will not unreasonably impair Branch's right to seek federal habeas. Branch has adequate time in which to file a habeas corpus petition in the Supreme Court of Virginia in order to exhaust his unexhausted claim. Assuming he does so, Branch will have more than adequate time within which to re-file a federal petition in this Court, such that a dismissal will not "unreasonably impair the petitioner's right to obtain federal relief." Id. Branch generally would have one (1) year from the date on which his conviction became final to file his petition for federal habeas corpus relief. Branch's

conviction became final on April 28, 2010, which was ninety (90) days after the Supreme Court of Virginia refused his direct appeal on January 28, 2010 and the date upon which the period for seeking direct review of his conviction by the Supreme Court of the United States expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Thus, without considering any tolling provisions, the one-year limitation period under the AEDPA would have begun to run on April 28, 2010, and Branch at a minimum would appear to have until April 28, 2011 to re-file a federal habeas petition.

It should be noted, however, that under 28 U.S.C. § 2244(d)(2), the statute of limitations clock is paused during the time that a petition for state collateral review is pending, and as a result, Branch likely would have more time to file a renewed federal habeas petition should he return to state court to exhaust his unexhausted claim. Section 2244(d)(2) provides that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial petition is filed until the final ruling is made, including any gaps in between. See Taylor v. Lee, 186 F. 3d 557, 561 (4th Cir. 1999). But while 28 U.S.C. § 2244(d)(2) pauses the clock

12

during a pending state collateral review, it does not reset the clock. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Moreover, the petitioner should be aware that the statute of limitations is not tolled during the period that this federal habeas petition is pending before this Court. See Duncan v. Walker, 533 U.S. 167, 181 (2001).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Respondent's motion to dismiss be GRANTED, Branch's petition for writ of habeas corpus be DENIED, and all of Branch's claims be DISMISSED WITHOUT PREJUDICE.

Branch has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the petitioner is notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), computed pursuant to

Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 2, 2010

14

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Anthony J. Branch, #1006800
Lunenberg Correctional Center
P.O. Box 1424
Victoria, Virginia 23974


Kathleen B. Martin, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo
Clerk of Court

By: _____
Deputy Clerk

December 2, 2010