UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN - 6 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ANTHONY L. BRANCH,

    Petitioner,

v.                             Case No.: 2:10cv234

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of Powhatan County, Virginia, for one count of grand larceny, as a result of which he was sentenced on August 10, 2006, to serve a total sentence of twenty years, with fifteen years suspended, in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on December 2, 2010, recommending dismissal of the petition without prejudice. (ECF No. 11.) By copy of the report, each party was advised of his right to file

written objections to the findings and recommendations made by the magistrate judge. On December 15, 2010, the Court received the petitioner's objections. (ECF No. 12.) The Court received no response to the petitioner's objections from the respondent.

The petitioner's objection simply reiterates arguments from his petition on the merits of his ineffective assistance of counsel claims and suggests that he has been unable to access certain records necessary to effectively advance these claims. (Pet'r's Objections 2-3, ECF No. 12.) As the magistrate judge found in his report (see Report 6, ECF No. 11), the petitioner is first required to exhaust his state remedies before this Court may consider his petition for federal habeas relief. See 28 U.S.C. § 2254(b) & (c); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Whatever the merit of these claims, they first must be presented to the Virginia courts by way of a state habeas petition.[1] Accordingly, the petitioner's objection is OVERRULED.

The Court, having reviewed the record and examined the objections filed by the petitioner to the magistrate judge's report, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States

---

[1] Moreover, the Court admonishes the petitioner that time may be of the essence. As the magistrate judge observed in his report, it appears that Branch has only until January 28, 2011 to file a state habeas petition, after which time his claims may be time-barred pursuant to Va. Code Ann. § 8.01-654(A)(2). (See Report 8, ECF No. 11.)

Magistrate Judge filed on December 2, 2010, and it is, therefore, ORDERED that the respondent's motion to dismiss be GRANTED and that the petition be DENIED AND DISMISSED WITHOUT PREJUDICE as it presents both exhausted and unexhausted claims. It is further ORDERED that judgment be entered in favor of the respondent.

On December 15, 2010, the petitioner also filed a motion for appointment of counsel. (ECF No. 13.) The petitioner has not alleged any "exceptional circumstances" which would warrant appointment of counsel in this matter. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Griffin v. Virginia, 606 F. Supp. 941, 943 (E.D. Va. 1985), aff'd, 780 F.2d 1018 (4th Cir. 1985) (unpublished table decision). Accordingly, the petitioner's motion for appointment of counsel is DENIED.

The petitioner may appeal from the judgment entered pursuant to this final order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

/s/ OMbS
Mark S. Davis
United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

January 6, 2011